IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| In Re: | Cause No. CV 24-39-BLG-SPW |
| GREGORY WILLIAM KNOWS HIS GUN | ORDER |

Petitioner Gregory William Knows His Gun ("Knows His Gun"), a federal prisoner proceeding pro se, filed a letter with this Court requesting that he be provided documentation stating that he is to receive credit for time served. (Doc. 1.) Knows His Gun is currently incarcerated in the United States Penitentiary in Florence, Colorado.

This Court previously sentenced Knows His Gun in his criminal matter, *USA v. Knows His Gun*, Cause No. CV-20-cr-93-BLG-SPW. On March 24, 2021, Knows His Gun received two concurrent 36-month sentences, to be served consecutively to Montana State 1st Judicial District Court case ADC-2014-414, but concurrent to any sentence imposed in Montana State 13th Judicial District Court case DC-2020-494. *See USA v. Knows His Gun*, Cause No. 20-cr-93-BLG-SPW, Judg. (D. Mont. March 24, 2021).

In the present petition, Knows His Gun challenges the manner in which the Bureau of Prisons ("BOP") has calculated his sentence. Specifically, he contends that the BOP has refused to credit him for "7-8 months" of time served in the prior

1

that the BOP has refused to credit him for "7-8 months" of time served prior to being sentenced by this Court. (Doc. 1 at 1.) He asks this Court to provide documentation that would support his contention and allow him to receive the credit. (*Id.*) Knows His Gun does not explain any steps he has taken within the BOP to request an award of credit for this time or exhaust his administrative remedies. (*Id.*)

Under 28 U.S.C. § 2241, a district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. A petition challenging the manner, location, or conditions of a sentence's execution is brought under § 2241 in the custodial court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). The BOP's calculation of sentencing credit is an issue pertaining to the execution of a sentence which a habeas petitioner may challenge through such a petition. *See Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015)("BOP, rather than the sentencing court, calculates the defendant's entitlement to sentencing credit under [18 U.S.C.[ § 3585(b) in the first instance."). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement. *Hernandez*, 204 F. 3d at 864.

Because Knows His Gun in incarcerated in Florence, Colorado, this Court lacks jurisdiction over his § 2241 petition. This matter will be dismissed. Should Knows His Gun wish to proceed, he should refile a § 2241 petition in the Federal

District of Colorado.

Knows His Gun is a federal prisoner bringing a § 2241 petition, therefore, a certificate of appealability is not required. *See Harrison v. Ollison*, 519 F. 3d 952, 958 (9th Cir. 2008)("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.").

Accordingly, the Court enters the following:

## ORDER

1. This matter is dismissed for lack of jurisdiction.

2. The Clerk of Court is directed to close this matter and enter judgment in pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 1st day of April, 2024.

Susan P. Watters
United States District Court Judge